# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| **MARY ESTHER RODRIGUEZ** § | |
| **PLAINTIFF** § | |
| § | |
| **V** § | **CIVIL ACTION NO: 5:21-CV-513** |
| § | |
| **ALLSTATE COUNTY MUTUAL** § | |
| **INSURANCE COMPANY** § | |
| **DEFENDANT** § | |

## DEFENDANT ALLSTATE COUNTY MUTUAL INSURANCE COMPANY'S NOTICE OF REMOVAL

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:**

Please take notice that Defendant, ALLSTATE COUNTY MUTUAL INSURANCE COMPANY, pursuant to 28 U.S.C. §§1332(a), 1441(a), 1446 and the applicable Local Rules of the Western District of Texas, hereby removes to this Court the state court action described below:

1. On April 27, 2021, an action was commenced in the 407th Judicial District Court of the State of Texas in and for Bexar County, Texas, entitled MARY ESTHER RODRIGUEZ v. ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, bearing Cause No. 2021-CI-08298. A copy of Plaintiff's Original Petition is attached hereto as **Exhibit A**, with the Citation attached as **Exhibit B.**

2. On May 4, 2021, Defendant Allstate County Mutual Insurance Company was served. A copy of the Transmittal of Service of Process is attached hereto as **Exhibit C.**

3. On May 24, 2021, Defendant Allstate County Mutual Insurance Company, filed and served its Original Answer, General Denial and Affirmative Defenses, a copy of which is attached hereto as **Exhibit D.**

4. On May 24, 2021, Defendant Allstate County Mutual Insurance Company, filed and served a Court Advisory, a copy of which is attached hereto as **Exhibit E**.

5. This Notice of Removal is filed in accordance with 28 U.S.C. §§1441(b) and 1446.

## GROUNDS FOR REMOVAL

### Parties are Diverse

6. Defendant is informed and believes that Plaintiff is a natural person who affirmatively alleges that she resides in Bexar County, Texas based on statements contained in Plaintiff's Original Petition. *See* Exhibit A, § 2. Plaintiff has not plead any other facts of her residency, intention to leave Texas, or domiciles in other states. *Id*. Accordingly, Plaintiff's citizenship at the time of the filing of the suit and at the time of removal is properly established as the State of Texas. *See Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011). In determining citizenship, a Court may look at where a person exercises civil and political rights, pays taxes, and owns real and personal property. *Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996). Plaintiff owns a single-family residence at 11706 Ocean Springs, San Antonio, TX 78249-2658.[1] According to the Appraisal District's website printout, the property has a homestead exemption which indicates it is Plaintiff's homestead. The property also has taxes which must be paid by the owner. The last change in ownership was to the Plaintiff, thus, according to this record, Plaintiff still owns the property, is liable for taxes on the property and it is her homestead. This is all evidence the Court should look to when examining a person's citizenship. *Id.* In doing so, all of these factors indicate the Plaintiff is a citizen of Texas.

---

[1] This is the current information on the Bexar County Appraisal District's website. **Exhibit F.**

7. Removal is proper because there is complete diversity between the parties under 28 U.S.C. §1332(a). Defendant is a corporation incorporated under the laws of the State of Illinois, with its principal place of business in Illinois. 28 U.S.C. §1332(a, c); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (corporation's principal place of business is the place from which the corporation is controlled).

8. Defendant Allstate Fire and Casualty Insurance Company is an Illinois corporation with its principal place of business in Illinois and is a citizen of the State of Illinois.

9. Based on the foregoing, there is complete diversity between the parties.

**Amount in Controversy**

10. The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Grant v. Chevron Phillips Chem. Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002). The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2) "by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

11. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332 and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §1332 (a) in that it is a civil action between citizens of Texas and citizens or subjects of a foreign state, and the matter in controversy exceeds the sum of $75,000.00 (*see Exhibit A, §§ 1, 4 and 5).* Plaintiff's claims are based on alleged injuries suffered by Plaintiff due to a motor

vehicle accident. Based on the Original Petition, Plaintiff seeks damages for past and future medical expenses, past and future physical pain and suffering, past and future mental anguish, past and future physical impairment, past and future physical disfigurement and past and future lost wages. Plaintiffs seek monetary relief in an amount over $250,000.00 but under $1,000,000.00.

12. Here, it is facially apparent from Plaintiff's petition that the amount in controversy exceeds $75,000.00.

13. Based on the foregoing, the amount in controversy exceeds $75,000.00.

## REMOVAL IS PROCEDURALLY PROPER

14. This notice of removal is timely filed within thirty (30) days after service of process upon Defendant. *See* U.S.C. §1446(b)(1).

15. Venue is proper in this Court under 28 U.S.C. §1441(a) because the San Antonio Division of the United States District Court for the Western District of Texas embraces Bexar County, Texas, the place where the State Court suit was filed.

16. The undersigned has served notice of the removal of this action on Plaintiff by serving counsel for Plaintiff with this Notice of Removal and has filed a copy of this Notice of Removal with the Bexar County District Clerk in the State Action. A copy of the *Notice to the Court of Removal to Federal Court* is attached hereto as **Exhibit G**.

17. Pursuant to 28 U.S.C. §1446(a), all pleadings, process and orders served upon Defendant in the state court are attached hereto.

**PRAYER FOR RELIEF**

18. Defendant Allstate Fire and Casualty Insurance Company respectfully requests that the Court accept jurisdiction over the state court action for the reasons set forth above, that this case be entered upon the docket of the United States District Court for the Western District of Texas, pursuant to 28 U.S.C. §§1441 and 1446, and grant Defendant any such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

**PAUL GARCIA & ASSOCIATES**
1901 N.W. Military Hwy., Ste. 218
San Antonio, Texas 78213
T: (210) 340-1818
F: (210) 340-4073
E: service@pgtxlaw.com

/s/ *Clarkson F. Brown*
CLARKSON F. BROWN
State Bar No. 00798082
PAUL GARCIA
State Bar No. 00798199
**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing instrument was served in accordance with the Federal Rules of Civil Procedure, this 1st day of June 2021 on the following counsel of record, properly addressed as follows:

**ATTORNEYS FOR PLAINTIFF**

*<u>Served via: e-mail message generated by the CM/ECF E-Filing system on:</u>*

Thomas D. Jones
LAW OFFICES OF THOMAS D JONES, P.C.
608 Broadway
San Antonio, TX 78215
**lotjlaw@tdjones.com**

            */s/ Clarkson F. Brown*
            CLARKSON F. BROWN